OPINION *Page 2 
{¶ 1} Defendant-appellant John McDonald appeals from the August 15, 2007 Judgment Entry of the Stark County Court of Common Pleas, Family Court Division.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant John McDonald and Kristen McDonald were married on April 14, 1990. One child was born as issue of such marriage, namely, Meagan (DOB 7/5/91).
 {¶ 3} Pursuant to a Decree of Dissolution of Marriage filed on April 28, 1998, the parties' marriage was dissolved. Pursuant to the terms of the Separation Agreement, which was incorporated into the Decree of Dissolution, Kristen McDonald was named the residential parent and legal guardian of the parties' child and appellant agreed to pay $256.20 a month in child support. Following a review by the Stark County Child Support Enforcement Agency, the amount of child support was modified to $200.87 per month commencing on January 1, 2002.
 {¶ 4} Subsequently, on April 19, 2007, appellant filed a Motion to Modify Child Support. Appellant, in his motion, argued that there was a substantial change of circumstances that would result in a recalculated amount of support being more or less than 10% different from the current order. Appellant specifically stated, in his motion, that he had no income "due to disabilities included in my pending request for social security." Appellant, on April 19, 2007, also filed an affidavit of indigency indicating that he had no income.
 {¶ 5} An evidentiary hearing before a Magistrate was held on July 3, 2007. The Magistrate, in a Magistrate's Decision filed on July 9, 2007, recommended that appellant's Motion to Modify Child Support be overruled. The Magistrate, in her *Page 3 
decision, found that appellant had failed to meet his burden of proof with respect to his alleged disabilities and that he had not presented "testimony from any medical physician; did not present any documentation from SS (Social Security), and asked the Court to essentially believe him that he is disabled and unable to work." The Magistrate concluded that appellant's continued unemployment was voluntary and, after imputing income to him at the minimum wage rate, determined that there had not been a 10% change in appellant's income.
 {¶ 6} On July 17, 2007, appellant filed an objection to the Magistrate's Decision. Appellant, in his objection, indicated that he was not voluntarily unemployed, that he had a pending Social Security claim and that the Social Security Administration recognized the "impairments that limit my capabilities." Appellant also argued that while the Magistrate accepted his testimony regarding his 1996 arthritis diagnosis, the Magistrate had erred in rejecting updated medical evidence that appellant proffered dated May-June 2007. Appellant did not file a transcript of the July 3, 2007 hearing with the trial court.
 {¶ 7} Pursuant to a Judgment Entry filed on August 15, 2007, the trial court approved and adopted the Magistrate's Decision as the court's own.
 {¶ 8} Appellant now raises the following assignment of error on appeal:
 {¶ 9} "I. DID NOT ALLOW APPELLANT'S MEDICAL EVIDENCE ADMITTED: AUGUST 15, 2007 AND JULY 03, 2007 HEARING. NO ACKNOWLEDGEMENT OF WELL OVER 30% CHANGE IN APPELLANT'S FINANCIAL SITUATION: WRITTEN DECISION OF JUDGE HOWARD AND MAGISTRATE HUNTLEY. NO ACKNOWLEDGEMENT OF FINANCIAL SITUATION BEING BEYOND APPELLANT'S *Page 4 
CONTROL: WRITTEN DECISION OF JUDGE HOWARD AND MAGISTRATE HUNTLEY."
 I {¶ 10} Appellant, in his sole assignment of error, essentially argues that the trial court erred in refusing to admit medical documents that appellant proffered at the hearing before the Magistrate. Appellant maintains that such documents show that he is disabled and unable to work.
 {¶ 11} Civ. R. 53(D)(3)(b)(iii) provides that a party must support objections to a magistrate's fact finding with a transcript of all the evidence submitted to the magistrate relevant to the finding. Subsection (iv) provides that, except for plain error, a party may not assign as error on appeal the court's adoption of any fact finding or legal conclusion unless the party has objected to the finding as required by the Rule. Appellant did not provide the trial court with a transcript of the July 3, 2007 hearing.
 {¶ 12} Because no transcript of the Magistrate's hearing was filed for the trial court's review on the objections, we are unable to determine if, as appellant alleges, the trial court erred in not permitting him to introduce medical documents at the hearing. Without the transcript, we also cannot determine if the trial court, in fact, refused to permit appellant to introduce such evidence.[1] As noted by appellee, "[s]ince no transcript has been prepared. . .this Court has not been provided with all the relative proof of what actually occurred, both procedurally and substantially, at the trial." Absent a transcript, we must presume regularity in the proceedings in the trial court and affirm. Knapp v. Edwards Laboratory (1980), 61 Ohio St.2d 197, 400
N.E.2d 384. *Page 5 
 {¶ 13} Appellant's sole assignment of error is, therefore, overruled.{f 14} Accordingly, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed.
 Edwards, J., Gwin, P.J. and Wise, J. concur *Page 6 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs assessed to appellant.
[1] We note that while appellant attaches numerous documents to his brief, the same documents are not part of the lower court record and, therefore, cannot be considered by this Court on appeal. *Page 1